STATE v. LIGHTSEY.

1. APPEAL RECORD.—Where neither the testimony nor an agreed statement
   of facts appear in the "Case," the exceptions to the charge to the jury
   present only abstract questions of law.
2. ASSAULT.—There was no error in the charge in this case as to what con-
   stitutes an assault.
3. ERROR IN CHARGE—RECALLING JURY.—No exception lies to an error in a
   charge where the jury are recalled and the error corrected before verdict
   rendered; nor is it improper, generally, to recall the jury and withdraw
   an erroneous instruction.
4. TRESPASSER—CASTLE—LANDS.—A man has not the same right in repelling
   an intruder from his outlying lands as from his castle, nor has he a right
   to take his gun as a means of running another from his lands.

Before TOWNSEND, J., Barnwell, July, 1894.

Indictment against M. M. Lightsey and M. S. Lightsey for
assault with intent to kill.

Mr. James E. Davis, for appellant.

Mr. Bellinger, solicitor, contra.

February 16, 1895.  The opinion of the court was delivered by

MR. JUSTICE GARY.   The above named defendants were in-
dicted for an assault with intent to kill.   They were tried at
the summer term (1894) of the Court of General Sessions for
Barnwell County, before his honor, Judge D. A. Townsend.
Under the charge of the presiding judge, the jury found them
guilty of an assault of a high and aggravated nature, on the
second count in the indictment, and they were sentenced to pay
a fine or be imprisoned in the State penitentiary.

The testimony is not set out in the "Case," nor is there any
statement of the facts upon which they were convicted.   The
charge of his honor, the presiding judge, cannot properly
be construed except in the light of the testimony in the
case, or upon an agreed statement of the facts.   Where
neither the testimony nor an agreed statement of the facts ap-

pears in the "Case," the exceptions only present abstract questions of law.

But, waiving such objection, the exceptions cannot be sustained. The first exception is as follows: "Because his honor erred in charging the jury that an assault may be committed by simply pointing a gun at another." The charge of the presiding judge on this point was as follows: "A simple assault is an attempt to do bodily harm, but fails— falls short of doing the harm, touching the body, doing the battery. For instance, the example usually used is striking at another within striking distance, but not striking him; pointing a gun at another within shooting distance, but not shooting. These are the examples usually used to illustrate what an assault is, but assaults may be committed, however, in a great many other ways. For instance, striking with a stick without hitting within striking distance, pointing a gun within shooting distance. Those are the examples usually used, but I say an assault may be committed in a great many other ways." In this we see no error.

The second exception is as follows: "Because his honor erred in charging the jury that, before any one can excuse himself from murder, he must be able to show, beyond a reasonable doubt, that he did it from necessity." His honor recalled the jury and corrected that part of his charge referred to in this exception. This exception cannot, therefore, be sustained.

The third exception is as follows: "Because his honor erred in recalling the jury from their room after they had retired to deliberate upon the case, and recharging them as to the law of the case, there being no request for such action on the part of the jury." The principle governing such cases is found in the case of *Hopt* v. *Utah*, 120 U. S., 438, in which the court says: "But, independently of this consideration, as to the admissibility of the evidence, if it was erroneously admitted, its subsequent withdrawal from the case, with the accompanying instructions, cured the error. It is true, in some instances, there may be such strong impressions made upon the minds of a jury by illegal and improper testimony, that its subsequent

withdrawal will not remove the effect caused by its admission; and in that case the original objection may avail on appeal or writ of error. But such instances are exceptional. The trial of a cause is not to be suspended, the jury discharged, a new one summoned, and the evidence retaken, when an error in the admission of testimony can be corrected by its withdrawal, with proper instructions from the court to disregard it. We think the present case one of that kind. *State* v. *May*, 4 Dev., 330; *Goodnow* v. *Hill*, 125 Mass., 589; *Smith* v. *Whitman*, 6 Allen, 562; *Hawes* v. *Gustin*, 2 *Id.*, 125; *Dillin* v. *People*, 8 Mich., 369; *Specht* v. *Howard*, 16 Wall., 564." The third exception is overruled.

The fourth exception is as follows: "Because his honor erred in charging the jury that a man has not the same right to repel force by force out on his lands away from his castle that he has in his home." His honor charged the jury that "out on the land away from his castle he has not the same right there that he has in his home. * * * If a man warns another off his place, and that man comes on it, he is guilty of a crime, a misdemeanor, and for that misdemeanor he may be tried in court. Of course, the law prescribes the same in regard to his home, but he has an additional right to put him out, and use sufficient force and put him out, but the force must not be disproportionate." In this there was no error.

The fifth exception is as follows: "Because his honor erred in charging the jury that M. M. Lightsey had no right to carry his gun on his own premises." After his honor had charged the jury as stated, in reviewing the fourth exception, he added: "But I charge you a man has no right to take his gun and run a man off his place. That is simply taking the law into his own hands." In this there was no error.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.