22913

The STATE, Respondent v. Ronnie WALSH, Appellant.

(388 S. E. (2d) 777)

Supreme Court

*Andrew N. Safran* and *James H. Moss*, Beaufort, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *William Edgar Salter, III, Miller W. Shealy, Jr., Staff Atty.,* Columbia, and *Sol. Randolph Murdaugh,* Hampton, *for respondent.*

Heard March 7, 1988, Decided Oct. 24, 1988.

Reheard Jan. 9, 1989, On Rehearing Feb. 20, 1990.

FINNEY, Justice:

Appellant Ronald Emmett (Ronnie) Walsh was convicted of assault with intent to kill and pointing a firearm. The court sentenced him to a separate, consecutive ten-year prison term for each offense and ordered that the sentence for pointing a firearm be suspended and appellant placed on probation for five years upon service of the sentence for assault with intent to kill. We affirm as modified.

On July 15, 1986, appellant went to Marjorie Parsons' home to visit Donna Luebke where he and Ms. Luebke engaged in a verbal and physical altercation. Mrs. Parsons attempted to intervene, and appellant warned her not to become involved. Soon thereafter, a shot was fired from appellant's rifle in Mrs. Parsons' direction.

Appellant argues that the trial court erred by refusing to require the state to elect to prosecute him for either assault with intent to kill or pointing a firearm, asserting that his conviction and punishment for both crimes constitutes a violation of the federal and state constitutional prohibition against double jeopardy. Appellant's assignment of error focuses upon the prohibition against multiple punishment for the same offense.

■ The Fifth Amendment prohibits placing an accused in jeopardy of life or limb twice for the same offense.
Specifically, the double jeopardy clause protects against (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. The premise of the double jeopardy clause is that an accused should not be tried or punished twice for the same offense. J. Sigler, Double Jeopardy 1-16 (1969). *See also* *Benton v. Maryland,* 395 U. S. 784, 89 S. Ct. 2056, 2070, 23 L. Ed. (2d) 707 (1969); *North Carolina v. Pearce,* 395 U. S. 711, 717, 89 S. Ct. 2072, 2076, 23 L. Ed. (2d) 656 (1969). Thus, if an accused will be subjected to either multiple punishment or successive prosecutions for the same offense, a potential double jeopardy violation exists. *See, e.g., United States v. Wilson,* 420 U. S. 332, 95 S. Ct. 1013, 43 L. Ed. (2d) 232 (1975).

The case law in South Carolina holds that a defendant may be severally indicted and punished for separate offenses without being placed in double jeopardy where a single act consists of two "distinct" offenses. *See State v. Greuling*, 257 S. C. 515, 186 S. E. (2d) 706 (1972); *State v. Steadman*, 216 S. C. 579, 59 S. E. (2d) 168 (1950). In *Blockburger v. United States*, 284 U. S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932), the United States Supreme Court set forth the folowing test to determine whether two offenses are sufficiently distinguishable to permit the imposition of cumulative punishment:

> The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not.

*Id.* at 304, 52 S. Ct. at 182.

Section 16-23-410 of the South Carolina Code of Laws sets forth the elements which the state must prove to justify a conviction on the charge of pointing a firearm. They are (1) a pointing or presenting; (2) a loaded or unloaded firearm; and (3) at another. *E.G., State v. Wharton*, 263 S. C. 437, 211 S. E. (2d) 237 (1975).

On the other hand, the elements which constitute the common law offense of assault with intent to kill are (1) an unlawful attempt; (2) to commit a violent injury; (3) to the person of another; (4) with malicious intent; and (5) accompanied by the present ability to complete the act. *See State v. McKellar*, 85 S. C. 236, 67 S. E. 314 (1909).

Applying the *Blockburger* test, we find that the offenses of pointing and presenting a firearm and assault with intent to kill legally constitute separate and distinct offenses. *See, e.g., State v. Hill*, 254 S. C. 321, 175 S. E. (2d) 227 (1970) (court upheld separate convictions for assault and battery of a high and aggravated nature and disorderly conduct because defendants had, in law and fact, committed separate offenses).

We now address appellant's assertion that there is no factual distinction between the offenses charged; and for this reason, the trial court erred in imposing cumulative sentences. We conclude that the imposition of cumulative

sentences was erroneous. Our study of the record reveals no facts which would distinguish the offenses as separate and distinct. *See State v. Hill, supra; State v. Hollman,* 232 S. C. 489, 102 S. E. (2d) 873 (1958); 6A C. J. S. Assault And Battery § 69 (1975). *Cf. State v. Poinsett,* 250 S. C. 293, 157 S. E. (2d) 570 (1967). Common to both charges and the sole factual basis for a criminal conviction alleged by the state is that appellant pointed and fired a firearm at Mrs. Parsons.

For this reason we affirm appellant's convictions but vacate the sentence imposed by the trial court for pointing a firearm. Appellant's remaining exceptions are disposed of pursuant to Supreme Court Rule 23.

Affirmed as modified.

GREGORY, C. J., HARWELL and CHANDLER, JJ., and J. B. NESS, Acting Associate Justice, concur.

### ORDER ON REHEARING

This matter is before the Court on a petition for rehearing. In its petition, the respondent contends that this Court must only consider the elements of particular offenses to determine if cumulative punishment can be imposed. We disagree and adhere to our original opinion.

The *Blockburger*[1] rule is based upon consideration of the elements of offenses to determine if cumulative punishment is permissible. However, in *Garrett v. United States,* 471 U. S. 773, 105 S. Ct. 2407, 85 L. Ed. (2d) 764 (1985), the United States Supreme Court stated:

> [T]he *Blockburger* rule is not controlling when the legislative intent is clear from the face of the statute or the legislative history. *Missouri v. Hunter,* 459 U. S. 359, 368, 103 S. Ct. 673, 679, 74 L. Ed. (2d) 535 (1983); *Albernaz v. United States,* 450 U. S. 333, 340, 101 S. Ct. 1137, 1143, 67 L. Ed. (2d) 275 (1981); *Whalen v. United States,* 445 U. S. 684, 691-692, 100 S. Ct. 1432, 1437-38, 63 L. Ed. (2d) 715 (1980). Indeed, it would be difficult to contend otherwise without converting what is essentially a fac-

---

[1] *Blockburger v. United States,* 284 U. S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932) (discussed in the original opinion).

tual inquiry as to legislative intent into a conclusive presumption of law.

*Id.*, 471 U. S. at 779, 105 S. Ct. at 2411. *See also State v. King,* 289 S. C. 371, 446 S. E. (2d) 323 (1986); *State v. Suttles,* 279 S. C. 87, 302 S. E. (2d) 338 (1983). Thus, when legislative intent is clear from the face of the statute or the legislative history, the *Blockburger* rule is inapplicable.

■ Legislative history is controlling in this case. At the time the "pointing firearm" statute was enacted in 1910,[2] the law in this jurisdiction was settled that pointing a firearm may constitute an assault. *State v. Lightsey,* 43 S. C. 114, 20 S. E. 975 (1894). Nothing in the 1910 Act shows an intent on the part of the legislature to change the common law as it existed when the statute was enacted. *See Crowder v. Carroll,* 251 S. C. 192, 161 S. E. (2d) 235 (1968) (statutes in derogation of common law must be strictly construed and not extended in application beyond clear legislative intent).

Assault is "an unlawful attempt or offer to commit a violent injury upon the person of another, coupled with a present ability to complete the attempt or offer by a battery." *State v. Mims,* 286 S. C. 553, 335 S. E. (2d) 237 (1985); *Matter of McGee,* 278 S. C. 506, 299 S. E. (2d) 334 (1983); *State v. Jones,* 133 S. C. 167, 130 S. E. 747 (1925). We find that the record in this case shows a single assault comprised of pointing and discharging a firearm. The legislative history surrounding enactment of the pointing firearm statute supports our conclusion that the legislature did not intend to permit cumulative punishment for this sole assault.

Accordingly, we adhere to our original opinion affirming the judgment of the trial court on the offense of assault with intent to kill and vacating appellant's conviction and sentence for pointing a firearm.

GREOGORY, C. J. and HARWELL, CHANDLER, FINNEY and TOAL, JJ., concur.

---

[2] *See* Act of February 25, 1910, No. 359, 1910 S. C. Acts 694 (now codified at S. C. Code Ann. § 16-23-410 (1985).