24409

Demetric S. McMULLIN, Respondent/Plaintiff v. SOUTH CAROLINA DEPARTMENT OF REVENUE AND TAXATION, Petitioner/Defendant.

(469 S.E. (2d) 600)

Supreme Court

FINNEY, C.J., dissented with separate opinion.

476

*Attorney General T. Travis Medlock, Chief Deputy Attorney General Ray N. Stevens* and *Assistant Attorney General Jeffrey M. Nelson,* Columbia, *for petitioner-defendant.*

*W. Patrick Yon,* of *Yon & Yon,* Anderson, *for respondent-plaintiff.*

Heard Mar. 21, 1996.

Decided Apr. 15, 1996.

## IN THE ORIGINAL JURISDICTION

CHANDLER, Acting Associate Justice:

We agreed to hear this case in our original jurisdiction to determine whether application of the South Carolina Marijuana and Controlled Substance Tax Act, S.C. Code Ann. §§ 12-21-5010 to -6050 (Supp. 1994), violated plaintiff's constitutional right not to be twice put in jeopardy for the same offense.

## FACTS

The South Carolina Marijuana and Controlled Substance Tax Act was enacted in 1993 and went into effect on July 1 of that year. *See* Act No. 164, Part II, § 70A, 1993 S.C. Acts 1242. As written, the Act imposes a tax on marijuana and other controlled substances at the rate of $3.50 per gram of marijuana; $200 per gram of controlled substance; and $2,000 on each fifty-dosage units of a controlled substance that is not sold by

weight. S.C. Code Ann. § 12-21-5090 (Supp. 1994). The taxes imposed under the Act are due and payable immediately upon acquisition or possession in this State by a "dealer." S.C. Code Ann. § 12-21-6020 (Supp. 1994). "Dealer" is defined in the Act as "a person who in violation of the laws of this State manufactures, produces, ships, transports, or imports into South Carolina or in any manner acquires or possesses more than forty-two and one-half grams of marijuana, or seven or more grams of a controlled substance, or ten or more dosage units of a controlled substance which is not sold by weight." S.C. Code Ann. § 12-21-5020(3) (Supp. 1994).

The Act specifically prohibits a dealer from possessing any marijuana or controlled substance upon which a tax is imposed unless the tax has been paid, as evidenced by a stamp or other official indicia affixed to the substance or container holding the substance. S.C. Code Ann. § 12-21-5050 (Supp. 1994). Any dealer found in violation of the Act must pay the unpaid tax and a penalty of one hundred percent. S.C. Code Ann. § 12-21-6000 (Supp. 1994). Further, § 12-21-6000 provides that a dealer who fails to affix the required stamps, labels, or other official indicia is subject to misdemeanor charges.

On February 5, 1994, Demetric S. McMullin was arrested for possession of 197 grams of cocaine and 23 grams of crack cocaine. At the time of his arrest, there were no tax stamps or other official indicia evidencing that the tax imposed under the Marijuana and Controlled Substance Tax Act had been paid on the cocaine and crack cocaine. McMullin was subsequently charged and convicted in General Sessions Court for possession and distribution of illegal narcotics.

On May 6, 1994, the Department of Revenue and Taxation (the Department) issued and mailed to McMullin a notice of assessment and a warrant for distraint indicating he owed a total of $21,239.13 in taxes, penalties, interest, and costs for failing to pay the tax on the cocaine and crack cocaine found in his possession. The Department later sent McMullin a revised notice of assessment and warrant indicating the total owed was $105,207.50. *See* S.C. Code Ann. § 12-54-120 (Supp. 1994).[1]

Thereafter, McMullin brought this action in circuit court

---

[1] In addition, a notice to withhold compensation was sent to McMullin's employer pursuant to S.C. Code Ann. 12-54-130 (Supp. 1994).

pursuant to S.C. Code Ann. § 12-21-2990 (1976), challenging the Department's assessment and warrant. By order dated October 4, 1994, we granted the parties' joint request to remove the case from circuit court and entertain it in our original jurisdiction.

## ISSUE

Did application of the Marijuana and Controlled Substance Tax Act violate McMullin's constitutional right not to be twice put in jeopardy for the same offense?

## DISCUSSION

Relying on the Supreme Court's recent decision in ■ *Department of Revenue of Montana v. Kurth Ranch*, 511 U.S. —, 114 S.Ct. 1937, 128 L.Ed. (2d) 767 (1994), McMullin argues the assessment of taxes under the South Carolina Marijuana and Controlled Substance Tax Act is prohibited by the Constitution's Double Jeopardy Clause because the State had previously imposed a criminal penalty upon him for possessing the drugs.[2] We disagree.

The Fifth Amendment to the United States Constitu- ■ tion provides that "No person shall . . . be subject for the same offense to be twice put in jeopardy of life or limb. . . ." U.S. Const. amend. V. This double jeopardy clause protects against a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense. *Kurth Ranch, supra; see also North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed. (2d) 656 (1969); *State v. Walsh*, 300 S.C. 427, 388 S.E. (2d) 777 (1988).

In concluding that the tax imposed on the respondents in *Kurth Ranch* was a second punishment prohibited by the Double Jeopardy Clause, the Supreme Court cited two "unusual features" of Montana's Dangerous Drug Tax Act which set it apart from most tax statutes. First, the tax levied under the Act is exacted only after the taxpayer has been arrested

---

[2] Although McMullin's complaint alleged that application of the Marijuana and Controlled Substance Tax Act violated his constitutional right to due process and protection against self-incrimination and that the Act was special legislation in violation of S.C. Const. art. III, § 34, McMullin limited his argument before this Court to the double jeopardy issue.

for the conduct that gave rise to the tax obligation. As the Court stated, "[p]ersons who have been arrested for possessing marijuana [or other drugs covered by Montana's Tax Act] constitute the entire class of taxpayers subject to the Montana tax." *Id.* at —, 114, S.Ct. at 1947, 128 L.Ed (2d) at 780. Second, the tax is levied on goods the taxpayer neither owns nor possesses when the tax is imposed.

Finding that these features have an unmistakable punitive character, the Supreme Court concluded that, "[t]aken as a whole, [the tax imposed under Montana's Dangerous Drug . Tax Act] is a concoction of anomalies, too far-removed in crucial respects from a standard tax assessment to escape characterization as punishment for the purpose of Double Jeopardy analysis." *Id.* at —, 114 S.Ct. at 1948, 128 L.Ed. (2d) at 781. This conclusion, however, cannot be reached regarding the tax imposed under the South Carolina Marijuana and Controlled Substance Tax Act.

A review of the South Carolina Act clearly indicates it does not contain the "unusual features" cited by the *Kurth Ranch* majority. Under the provisions of the South Carolina Act, the tax is imposed whether or not the taxpayer has been arrested for possession of the controlled substance. *See* S.C. Code Ann. §§ 12-21-5020 and 12-21-5090 (Supp. 1994). In other words, the class of taxpayers is not defined by the actions of law enforcement personnel.[3] Further, under the South Carolina Act, the tax is based on actual possession. S.C. Code Ann. §§ 12-21-6020 (B) (Supp. 1994).

Given these characteristics of the South Carolina Marijuana and Controlled Substance Tax Act, we hold that the tax imposed on McMullin pursuant to the Act did not constitute a punishment under the Supreme Court's opinion in *Department of Revenue of Montana v. Kurth Ranch,* *supra.* We therefore find no double jeopardy violation and render judgment for the Department of Revenue and Taxation.[4]

---

[3] In additional, the South Carolina Act, unlike the Montana Act, does not impose any responsibility on law enforcement personnel to report persons subject to the tax.

[4] Admittedly, the South Carolina Marijuana and Controlled Substance Tax Act deters the illegal possession of controlled substances by imposing a relatively high tax on such substances. However, as recognized by the Supreme Court in *Kurth Ranch,* neither a high rate of taxation nor an obvious deterrent purpose automatically renders a tax a form of punishment.

Judgment for defendant.

TOAL, MOORE and WALLER, JJ., concur.

FINNEY, C.J., dissenting in separate opinion.

FINNEY, C.J.:

I respectfully dissent. The focus of this case is whether the Marijuana and Controlled Substance Tax Act has punitive characteristics that subject it to the constraints of the Double Jeopardy Clause. The United States Supreme Court in *Department of Revenue of Montana v. Kurth Ranch*, 511 U.S. —, 114 S.Ct. 1937, 128 L.Ed. (2d) 767 (1994), addressed the question whether a tax on the possession of illegal drugs assessed after the State has imposed a criminal penalty for the same conduct violates the constitutional prohibition against successive punishments for the same offense. The U.S. Supreme Court stated that Montana could collect its tax on the possession of marijuana if it had not previously punished the taxpayer for the same offense, or if it had assessed the tax in the same proceeding that resulted in his conviction. The Court held the drug tax was not a remedial sanction that may follow the first punishment, but instead was a second punishment that must be imposed during the first prosecution or not at all. Further, the Court found the proceeding Montana initiated to collect the tax on possession of drugs was the functional equivalent of a successive criminal prosecution that placed the Kurths in jeopardy a second time for the same offense.

The majority in *McMullin* noted that what the U.S. Supreme Court found punitive in *Kurth Ranch* are two features that are absent in our statute. However, the U.S. Supreme Court did not rely only on these two features to find it punitive. Furthermore, South Carolina's statute is sufficiently similar to Montana's notwithstanding the differences. As stated by the U.S. Supreme Court in *Kurth Ranch*, the justification that this is a revenue measure vanishes in light of the forbidden activity which is taxed and considering that it could just as well be accomplished by increasing the fine upon conviction.

I would find the South Carolina Marijuana and Controlled Substance Tax Act is substantially similar to Montana's Drug Tax Act. Accordingly, the Marijuana and Controlled Sub-

stance Tax Act as applied to McMullin is properly character-
ized as punishment for purposes of double jeopardy and con-
stitutes in this case a second punishment which had to be im-
posed during the first prosecution or not at all. *Ward v. Texas*,
— U.S. —, 115 S.Ct. 567, 130 L.Ed. (2d) 485 (1994); *Stennett v.
Texas*, — U.S. —, 115 S.Ct. 307, 130 L.Ed. (2d) 271 (1994) (va-
cating and remanding judgment that assessment of tax on
marijuana found in defendant's possession did not constitute
punishment for double jeopardy purposes in light of *Depart-
ment of Revenue of Montana v. Kurth Ranch, supra*).