UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
             *Plaintiff-Appellee,*

v.

KEVIN LAMONT HEMINGWAY, a/k/a
Kevin Lanard Hemingway,
             *Defendant-Appellant.*

No. 01-4211

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Patrick Michael Duffy, District Judge.
(CR-99-1096)

Argued: January 25, 2002

Decided: March 29, 2002

Before WILLIAMS, MOTZ, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

**ARGUED:** Ann Briks Walsh, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant. Michael Rhett DeHart, Assistant United States Attorney, Charleston, South Carolina, for Appellee. **ON BRIEF:** Scott N. Schools, United States Attorney, Bruce Howe Hendricks, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

***

**OPINION**

PER CURIAM:

Kevin Hemingway appeals from the 198-month sentence imposed upon him, after his conviction on firearms and drug charges, pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C.A. § 924(e) (West 2000). He contends that he did not meet the ACCA's definition of an armed career criminal because he did not have three prior convictions for violent or drug-related felonies, as is required to trigger the enhanced sentencing provisions of the ACCA. Specifically, Hemingway argues that the district court erred in determining that one of the three predicate convictions relied on by the Government, a 1990 conviction in the Court of General Sessions of South Carolina for "pointing or presenting" a gun at another person in violation of S.C. Code Ann. § 16-23-410 (Law. Co-op. 1985), was a "violent felony." Finding no reversible error, we affirm.

## I.

Hemingway pleaded guilty on March 28, 2000 to three counts of an indictment pending against him: two counts of being a felon in possession of a firearm in violation of 18 U.S.C.A. § 922(g)(1) (West 2000), and one count of knowingly and intentionally possessing cocaine in violation of 21 U.S.C.A. § 844(a) (West 1999). Both of the felon-in-possession counts against Hemingway referenced the ACCA.

At his sentencing hearing, Hemingway conceded that he had two qualifying violent felony convictions but disputed that the third conviction identified by the Government, his conviction in 1990 under S.C. Code Ann. § 16-23-410, met the statutory definition of "violent felony" in the ACCA. More specifically, Hemingway challenged the Government's characterization of that crime as "violent."[1]

---

[1]Hemingway concedes that because his 1990 conviction was punishable by imprisonment for more than one year, it is a felony for purposes of § 924(e). *See* 18 U.S.C.A. § 924(e)(2)(B).

The district court concluded that the 1990 conviction was for a violent felony and that Hemingway therefore qualified as an armed career criminal under § 924(e). The district court then sentenced Hemingway to concurrent terms of 198 months in prison as to each of the felon-in-possession counts and 12 months as to the cocaine possession count. Hemingway timely noted this appeal.

## II.

On appeal, Hemingway contends that the district court erred by characterizing his 1990 conviction as violent. We review de novo the determination of whether a prior conviction constitutes a violent felony for purposes of the ACCA. *United States v. Brandon*, 247 F.3d 186, 188 (4th Cir. 2001).

## A.

The ACCA mandates a 15-year minimum prison sentence for a person convicted of a weapons offense under 18 U.S.C.A. § 922(g) if that person has "three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another . . . ." 18 U.S.C.A. § 924(e)(1). The term "violent felony," for purposes of the ACCA,

> means any crime punishable by imprisonment for a term exceeding one year . . . that
>
> (i)    has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii)   is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

18 U.S.C.A. § 924(e)(2)(B). In determining whether the offense underlying the prior conviction involves the necessary use or threat of physical force or presents a serious risk of injury, we employ "a formal categorical approach, looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those

convictions." *Taylor v. United States*, 495 U.S. 575, 600 (1990); *United States v. Frazier-El*, 204 F.3d 553, 562 (4th Cir. 2000); *United States v. Coleman*, 158 F.3d 199, 201-02 (4th Cir. 1998) (en banc) (noting also that in the narrow class of cases where the definition of the offense allows for its commission in two ways, one of which does not involve the use or threat of force, a court "must look past the fact of conviction and the elements of the offense to determine which type of offense supported the defendant's conviction").

Section 16-23-410 of the Code of Laws of South Carolina provides that "[i]t shall be unlawful for any person to present or point at any other person any loaded or unloaded firearm . . . ." Hemingway contends that this statute contemplates two ways of committing the offense described — either by pointing a firearm at another person or by "presenting" a firearm. He contends that the district court erred in implicitly determining that the offense described by section 16-23-410 may be committed in only one way and in determining that the use or threat of use of physical force is an element of any such commission.

## B.

We turn now to an analysis of the offense defined in section 16-23-410 to determine whether it satisfies the requirements of the ACCA. This circuit has addressed the South Carolina offense defined in section 16-23-410 in a context very similar to that presented here. Analyzing whether the offense is a "crime of violence" under the definition of that term found in 18 U.S.C.A. § 16, we held that "[p]ointing a firearm at a person is an offense 'that, by its nature, involves a substantial risk that physical force against the person . . . of another may be used in the course of committing the offense.'" *United States v. Thompson*, 891 F.2d 507, 509 (4th Cir. 1989) (quoting 18 U.S.C.A. § 16(b) (West Supp. 1989)).[2] Thus, we concluded,

---

[2]In *Thompson*, we analyzed a violation of section 16-23-410 to determine whether it met the definition of "crime of violence" in the then-current version of the Guidelines' career offender provisions, U.S. Sentencing Guidelines Manual (U.S.S.G.) § 4B1.2. At the time, U.S.S.G. § 4B1.2's definition of "crime of violence" was drawn from 18 U.S.C.A.

"the South Carolina firearm offense is a crime of violence under 18 U.S.C. § 16(b) . . . ." *Id.*

Hemingway contends that *Thompson* is distinguishable because it addressed only the "pointing" aspect of an offense that may in fact be committed in either of two ways, either by pointing a firearm at another or by presenting a firearm in a nonthreatening manner. The commission of this offense by merely "presenting" a firearm, he argues, was not the issue in *Thompson*. Hemingway relies entirely on the statute's words — "[i]t shall be unlawful for any person to present or point at any other person any loaded or unloaded firearm" — as the basis for his contention that "presenting" a firearm is a different method of committing this offense than "pointing" a firearm.

The question of whether a section 16-23-410 offense may be committed in either of two ways is only significant if "one of [the ways of committing the offense] requires the use, attempted use, or threatened use of physical force and [the other] does not." *United States v. Coleman*, 158 F.3d at 202. Even assuming that "presenting" and

§ 16. We determined in *Thompson* that a section 16-23-410 violation was a crime of violence under 18 U.S.C.A. § 16(b) and therefore also under the Guidelines. Section 16(b) stated (and still states) that "any . . . offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" is a crime of violence. Section 4B1.2 of the Guidelines has since been amended and no longer incorporates the definition of "crime of violence" from § 16. *See* U.S.S.G. app. C, amend. 268 (1997) (effective November 1, 1989, amending U.S.S.G. § 4B1.2 by, inter alia, deleting the cross-reference to 18 U.S.C.A. § 16 and inserting a definition of the term "crime of violence" nearly identical to § 924(e)'s definition of violent felony). Neither the difference between the language of § 16 and that of the ACCA nor the Guidelines amendment detracts from the persuasive impact of our holding in *Thompson* that a section 16-23-410 offense satisfies the definition of crime of violence under 18 U.S.C.A. § 16. A crime of violence "that, by its nature, involves a substantial risk that physical force against the person . . . of another may be used," 18 U.S.C.A. § 16(b), likewise "presents a serious potential risk of physical injury to another," 18 U.S.C.A. § 924(e)(2)(B)(ii).

"pointing" a firearm are different ways of committing a section 16-23-410 offense, commission of either would qualify as a predicate violent felony if both require the requisite use or threat of force. In other words, if any commission of a section 16-23-410 offense would satisfy § 924(e)'s "violent felony" definition, there are not, for purposes of the inquiry here, materially different ways of committing such an offense.

The South Carolina Supreme Court has addressed the elements of a violation of section 16-23-410 explicitly. The elements of a violation of the section, stated the court, are "(1) a pointing or presenting; (2) a loaded or unloaded firearm; and (3) at another." *State v. Walsh*, 388 S.E.2d 777, 779 (S.C. 1990), overruled on other grounds by *State v. Easler*, 489 S.E.2d 617, 623 n.14 (S.C. 1997). Because a firearm's being directed "at another" is an element of this offense under the South Carolina Supreme Court's interpretation, the word "at" in the phrase "to present or point at another" clearly modifies both "point" and "present." In other words, whatever conduct is described by the phrase "present or point at" in section 16-23-410, it must involve the directing of a firearm at another person. Hemingway accepts this proposition, as he must, but argues that presenting a gun at another is significantly different from pointing a gun at another. Webster's Dictionary, however, gives as a definition of present "to aim, point, or direct so as to face something or in a particular direction." Webster's Third New International Dictionary 1793 (1986). We thus cannot agree with Hemingway's argument that presenting a gun is a materially different way of committing this offense from pointing a gun for purposes of the ACCA.[3]

---

[3]We recognize that as a matter of ordinary, modern English usage the construction "present a firearm at another" is not a familiar one. Neither, however, is it entirely unknown in our nation's jurisprudence. Indeed, a brief survey indicates that the construction was not uncommon in the past. *See, e.g.*, *McGhee v. Maryland*, 267 A.2d 306, 309 (Md. Ct. Spec. App. 1970) ("[T]he better opinion . . . is . . . that if a person presents a gun at another, or threatens him with a stick or other weapon, and thereby reasonably puts him in fear and causes him to act on the defensive, or to retreat, there is an assault, whether there is any actual intention to injure or not.") (internal quotation omitted); *State v. Kuum*, 178 P. 288, 291 (Mont. 1919) ("[I]f one person presents a loaded firearm at another,

Because we reject the reading of section 16-23-410 offered by Hemingway, his conviction under that statute is indistinguishable from the conviction we analyzed in *Thompson*. In *Thompson*, we concluded that "[p]ointing a firearm at a person is an offense 'that, by its nature, involves a substantial risk that physical force against the person . . . of another may be used in the course of committing the offense.'" 891 F.2d at 509 (quoting 18 U.S.C. § 16(b)). We reasoned there that "common sense" indicates that any time a gun is pointed at a person, a substantial risk is presented that physical force may be used because of the inherently dangerous nature of the act. *Id.* On the basis of that conclusion, as well as the South Carolina Supreme Court's holding that section 16-23-410 may be violated only by conduct involving directing a firearm at another, we have no trouble concluding that the same conduct "presents a serious potential risk of physical injury to another," 18 U.S.C.A. § 924(e)(2)(B)(ii).[4]

## III.

In sum, based upon the South Carolina Supreme Court's interpretation of section 16-23-410 and our own examination of the risk pre-

---

with a purpose to do the other an injury or put him in fear, he is guilty of doing an unlawful act . . . ."); *State v. Montgomery*, 79 S.W. 693, 694 (Mo. 1904) ("Is it the law that, if the president or cashier of a bank should be temporarily absent from the bank, a robber may with impunity enter the bank, and present a revolver or gun at the clerks left in charge, and take all the money of the bank, and escape punishment for robbery?"); *Agee v. Commonwealth*, 5 S.W. 47, 47 (Ky. 1887) ("Upon the day previous to the killing there had been a quarrel between the two men; and when, upon the succeeding day, it was renewed, and the killing occurred, the deceased, according to the statement of the accused, presented a pistol at him, while the sister of the deceased was trying to also present a gun at him."); *Caldwell v. State*, 5 Tex. 18 (1849) ("Where one man, with manifestations of ill-will or under the influence of unfriendly feelings, presents his gun at another, that the gun is loaded is a presumption resulting from well-established principles of law.").

[4]Because we conclude that Hemingway's conviction satisfies the definition of violent felony under § 924(e)(2)(B)(ii), we do not address the question of whether it also satisfies the definition under § 924(e)(2)(B)(i).

sented by the conduct that the statute proscribes, we conclude that a conviction under section 16-23-410 is a violent felony as that term is defined in the ACCA. The judgment of the district court is accordingly affirmed.

*AFFIRMED*