THE STATE OF SOUTH CAROLINA

THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Reginald Wheeler,       
Appellant.
 
 
 

Appeal From Aiken County
Rodney A. Peeples, Circuit Court Judge

Unpublished Opinion No. 2003-UP-631
Submitted September 9, 2003  Filed 
 October 22, 2003

AFFIRMED 

 
 
 
Assistant Appellate Defender Robert M. Pachak, of Columbia, 
 for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, 
 Senior Assistant Attorney General Norman Mark Rapoport, all of Columbia; and 
 Solicitor Barbara R. Morgan, of Aiken, for Respondent.
 
 
 

 PER CURIAM:  Affirmed 
 pursuant to Rule 220(b)(2), SCACR, and the following authorities:  State 
 v. Spann, 279 S.C. 399, 402, 308 S.E.2d 518, 520 (1983) (holding upon a 
 motion for a directed verdict, the trial judge is concerned with the existence 
 of evidence and not its weight); State v. Thompson, 279 S.C. 405, 408, 
 308 S.E.2d 364, 366 (1983) (holding the circuit court must view the evidence 
 in the light most favorable to the State); State v. Martin, 340 S.C. 
 597, 602, 533 S.E.2d 572, 574 (2000) (The trial court has a duty to submit 
 the case to the jury where the evidence is circumstantial, if there is substantial 
 circumstantial evidence which reasonably tends to prove the guilt of the accused 
 or from which his guilt may be fairly and logically deduced.); State v. 
 Walsh, 300 S.C. 427, 429, 388 S.E.2d 777, 779 (1988) ([T]he elements which 
 constitute the common law  offense of assault with intent to kill are (1) an 
 unlawful attempt;  (2) to commit a violent injury;  (3) to the person of another;  
 (4) with malicious intent;  and (5) accompanied by the present ability to complete 
 the act.), overruled on other grounds by, State v. Easler, 327 
 S.C. 121, 131, 489 S.E.2d 617, 623 (1997); State v. Campbell, 287 S.C. 
 377, 379, 339 S.E.2d 109, 109 (1985) (The implication of malice may arise from 
 the use of a deadly weapon.). 
 AFFIRMED. 
 [1] 
STILWELL, HOWARD, and KITTREDGE,
JJ., 
 concurring.    

 
 
 [1] Because oral argument would not aid the Court in resolving any issue 
 on appeal, we decide this case without oral argument pursuant to South Carolina 
 Appellate Court Rules, Rule 215.