**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4499**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

MARCUS JAMES BYRD,

                    Defendant – Appellant.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg.  Henry F. Floyd, District Judge. (7:08-cr-00665-HFF-1)

Submitted:  August 5, 2010              Decided:  November 4, 2010

Before GREGORY, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Scarlet B. Moore, Greenville, South Carolina, for Appellant. William N. Nettles, United States Attorney, William J. Watkins, Jr., Maxwell Cauthen, Assistant United States Attorneys, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After pleading guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2006), Marcus Byrd was sentenced to seventy months in prison. Challenging his sentence on appeal, Byrd contends that: (i) his prior felony South Carolina convictions for pointing and presenting a firearm at another person, in violation of S.C. Code Ann. § 16-23-410 (2003), were not "crime[s] of violence" justifying an enhanced offense level under U.S. Sentencing Guidelines Manual ("USSG") § 2K2.1(a)(2) (2008); and (ii) the district court committed reversible error when it imposed Byrd's sentence without an individualized assessment, in violation of United States v. Carter, 564 F.3d 325 (4th Cir. 2009). After determining that no reversible error occurred, we affirm the district court's judgment.

Considering Byrd's claims in reverse order, we first hold that the district court committed no reversible error when it failed to place individualized support for Byrd's sentence on the record. Byrd did not properly preserve his objection to the adequacy of the district court's sentencing procedure by asking the district court to depart from the correctly calculated Guidelines range based on consideration of the relevant 18 U.S.C. § 3553 (2006) factors. Thus, we review the district

court's explanation behind Byrd's sentence for plain error. See United States v. Lynn, 592 F.3d 572, 580 (4th Cir. 2010).

To require vacatur of his sentence, Byrd must show that an error: (i) was made; (ii) was plain (i.e., clear or obvious); and (iii) affected his substantial rights, see United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009). In other words, even if this court assumed that the district court's cursory explanation in support of Byrd's sentence constituted an obvious error in violation of Carter, Fed. R. Crim. P. 52(b) requires Byrd to also show that the district court's lack of explanation had a prejudicial effect on the sentence imposed. See Puckett v. United States, 129 S. Ct. 1423, 1433 n.4 (2009). Byrd has made no such showing.

We discern no reversible error in the district court's calculation of Byrd's Guidelines range. Section 2K2.1(a)(2) of the Sentencing Guidelines provides for a base offense level of twenty-four for an unlawful possession of a firearm conviction if "the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." A "crime of violence" is defined in USSG § 4B1.2(a) as:

> any offense under federal or state law, punishable by
> imprisonment for a term exceeding one year, that –

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

USSG § 4B1.2 (2008).

To determine whether prior convictions constitute crimes of violence, we employ a "categorical approach." Taylor v. United States, 495 U.S. 575, 600 (1990); United States v. Kirksey, 138 F.3d 120, 124 (4th Cir. 1998). Under this approach, the court may look only to the fact of conviction and the statutory definition of the prior offense.[*] Taylor, 495 U.S. at 602. Thus, the court should consider the offense "generically" — i.e., "in terms of how the law defines the offense and not in terms of how an individual offender might

---

[*] In a "narrow range of cases," resort to the statute of offense and fact of conviction will not confirm the predicate nature of the state crime. Taylor, 495 U.S. at 602. In those cases where it is evident from the statutory definition of the state crime that some violations of the statute are "crimes of violence" and others are not, this court applies a "modified" categorical approach. Soliman v. Gonzales, 419 F.3d 276, 285 (4th Cir. 2005). Because the statute at issue on this appeal criminalizes only one type of conduct, the use of a modified categorical approach would be inappropriate in this case. See United States v. Rivers, 595 F.3d 558, 563 (4th Cir. 2010) ("[O]nly when a statute prohibits different types of behavior such that it can be construed to enumerate separate crimes can a court modify the categorical approach to determine ACCA eligibility.").

4

have committed it on a particular occasion." Begay v. United States, 553 U.S. 137, 141 (2008) (citations omitted).

This court has previously held that a violation of § 16-23-410 qualifies as a predicate offense under a former version of § 4B1.2(a)(2), as well as under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e) (2006). See United States v. Thompson, 891 F.2d 507, 509 (4th Cir. 1989) (holding that a conviction under the South Carolina statute qualifies as a crime of violence under a former version of § 4B1.2(a)(2), while declining to determine whether it would qualify as a crime of violence under § 4B1.2(a)(1)); United States v. Hemingway, 38 F. App'x 142, 147 (4th Cir. March 29, 2002) (No. 01-4211) (unpublished after argument) (holding that a conviction under § 16-23-410 qualifies as a violent felony under the ACCA, which defines "violent felony" the same as "crime of violence" in § 4B1.2, because pointing or presenting a firearm at another "presents a serious potential risk of physical injury to another") (internal quotation marks and citation omitted).

After these holdings, however, the Supreme Court decided Begay v. United States, in which it held that a "violent felony" under the residual clause of the ACCA must "typically involve purposeful, violent, and aggressive" conduct. See 553 U.S. at 144-45. This holding is applicable to the definition of a "crime of violence" under § 4B1.2(a)(2). United States v.

5

<u>Seay</u>, 553 F.3d 732, 738-39 (4th Cir.), <u>cert. denied</u>, 130 S. Ct. 127 (2009).  Accordingly, Byrd argued at sentencing that his § 16-23-410 convictions were not "crimes of violence" under USSG § 4B1.2(a)(1) because such a crime does not have as an element "the use, attempted use, or threatened use of physical force against the person of another," and that <u>Begay</u> undercut this court's holdings in <u>Hemingway</u> and <u>Thompson</u>.

In overruling Byrd's objection to his Guidelines range calculation, the district court declined to conduct a <u>Begay</u>-type analysis and instead found a violation of § 16-23-410 to be a "crime of violence" under USSG § 4B1.2(a)(1).  We find that the district court correctly recognized that a person violates § 16-23-410 if he: (i) points or presents; (ii) a loaded or unloaded firearm; (iii) at another person.  <u>State v. Burton</u>, 589 S.E.2d 6, 8 (S.C. 2003).  However, the articulated elements of the crime cover a wide range of fact patterns and the only stated exceptions to the statute's coverage are when a firearm is pointed at another in self defense or when a firearm is pointed at or presented to another person as part of a theatrical or like performance.  <u>See</u> S.C. Code Ann. § 16-23-410 (2003).  Thus, although the act of pointing or presenting a firearm at another may inherently be dangerous and almost always will be "accompanied by the use of physical force," <u>Thompson</u>, 891 F.2d at 509, it is simply not an articulated element of the

6

offense that physical force be used, attempted or threatened before a violation will occur. Accordingly, we conclude that a § 16-23-410 conviction does not constitute a crime of violence under USSG § 4B1.2(a)(1).

Despite the foregoing, the South Carolina Court of Appeals recently construed the phrase "to present" in § 16-23-410 as "offer[ing] to view in a threatening manner, or to show in a threatening manner." In re Spencer R., 692 S.E.2d 569, 572 (S.C. Ct. App. 2010). In so construing, the court recognized that § 16-23-410 was not "perfectly analogous" to other states' firearm brandishing statutes — which prohibit brandishing a firearm in "a rude, angry, or threatening manner," Cal. Penal Code § 417(a)(2) (West 2009), "in an angry or threatening manner[,]" Mo. Ann. Stat. § 571.030(1)(4) (West 2010), or "in such a manner as to reasonably induce fear in the mind of another[,]" Va. Code Ann. § 18.2-282(A) (2009) — but nonetheless concluded that a violation of the statute will occur so long as an individual "intend[s] to specifically threaten" another individual. See In re Spencer R., 692 S.E.2d at 573. Thus, according to the highest South Carolina state court to have spoken on the issue, a violation of § 16-23-410 necessarily involves "purposeful, violent, and aggressive" conduct and, accordingly, still constitutes a "crime of violence" under § 4B1.2(a)(2), even after Begay.

Because this court may affirm the district court's judgment on any grounds apparent from the record, <u>see</u> <u>United States v. Smith</u>, 395 F.3d 516, 518-19 (4th Cir. 2005), we hold that a § 16-23-410 violation still constitutes a "crime of violence" under USSG § 4B1.2(a)(2) and affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>