589 S.E.2d 6

The STATE, Petitioner,

v.

Kenneth Andrew BURTON, Respondent.

No. 25745.

Supreme Court of South Carolina.

Heard Sept. 25, 2003.

Decided Nov. 3, 2003.

Rehearing Denied Dec. 4, 2003.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, and Assistant Deputy Attorney General Charles H. Richardson, all of Columbia, and Solicitor W. Townes Jones, IV, of Greenwood, for Petitioner.

Senior Assistant Appellate Defender Wanda H. Haile, of South Carolina Office of Appellate Defense, of Columbia, for Respondent.

Justice PLEICONES:

This Court granted the State's petition for writ of certiorari to review the Court of Appeals' decision in *State v. Burton*, 349 S.C. 430, 562 S.E.2d 668 (Ct.App.2002),[1] and further directed the parties to brief whether pointing and presenting a firearm is a lesser included offense of assault with intent to kill. We vacate Burton's conviction of pointing and presenting a firearm because it is not a lesser included offense of assault with intent to kill. Also, we reverse the Court of Appeals' ruling that the trial court erred in failing to direct a verdict on Burton's charges due to a search and seizure violation. That issue was not properly preserved for review.

---

1. The United States Court of Appeals for the Fourth Circuit vacated and remanded Burton's federal conviction for unlawful possession of a firearm by a felon, which arose from the same incident. The court found that the "officer's search was not supported by a reasonable suspicion of criminal activity and therefore constituted an illegal search." *United States v. Burton*, 228 F.3d 524, 526 (4th Cir.2000).

## ISSUES

I. Is pointing and presenting a firearm a lesser included offense of assault with intent to kill so that the circuit court had subject matter jurisdiction to try or convict Burton of that offense?

II. Did the Court of Appeals err in holding that the trial judge erred in failing to direct verdicts because of a Fourth Amendment violation?

## FACTS

In March 1998, the Chief of Police for Laurens County asked six officers to serve outstanding warrants. Officer Tracey Burke explained that the officers printed out a sheet of the names of people with outstanding warrants, and said, "if we run into somebody we don't know, and we ask, then we'll get their name and we'll look through this piece of paper . . . so we'll know we have active warrants on these persons."

The officers went to the Green Street Mini-mart where several people were loitering in the parking lot. Burton was standing at a pay phone, with the receiver in his left hand, and his right hand in his coat pocket. Officer Burke[2] asked Burton if he could see Burton's ID, but "[Burton] wouldn't acknowledge nothing [Burke] told him at first." When Burton did not respond, the other officers came over to the pay phone. Officer Burke asked Burton, again, for some identification, but Burton "never said a word." The officers asked Burton to remove his hand from his coat pocket, but Burton still did not respond, and did not remove his hand.

Officer Burke testified that because Burton would not acknowledge the officer's questions, and would not remove his hand from his pocket, "a lot of things went through [Officer Burke's] mind. It could have been maybe a beer or anything, but my worse interpretation was it might have been a weapon. So, after him not acknowledging us or even saying anything, I was positioned behind [Burton]. I reached my hand around behind him to see what was inside of his coat, because at that point I'd done got worried." Officer Burke reached his hand

---

2. Officer Burke was dressed in plain clothes, and was wearing a bullet proof vest marked "Police" over his clothes.

in Burton's pocket, and Burton began to struggle with the officer. As Officer Burke and Burton fell to the ground, Officer Burke heard another officer say "He's got a gun." The other officers ran to assist Officer Burke, and during the struggle, Burton raised his left side, pointed the gun at Officer Burke, and fired the gun three or four times. The gun did not discharge because a bullet was "stove-piped in the barrel." [3] After Burton was subdued on the ground and handcuffed, Burton spit blood on Officer Deal's shoe.

Burton was indicted for two counts of assault while resisting arrest, and two counts of assault with intent to kill. Burton represented himself at trial. The trial judge granted a directed verdict as to assault with intent to kill Officer Deal, which stemmed from Burton spitting on Deal's shoe. Burton was found guilty of resisting arrest as a lesser included offense of assault while resisting arrest; pointing and presenting a firearm as a lesser included offense of assault with intent to kill Officer Burke; and assault while resisting arrest. Burton was sentenced to eight years imprisonment for assault while resisting arrest to run concurrently with his federal sentence,[4] and two one-year concurrent sentences for resisting arrest and pointing and presenting a firearm.

The Court of Appeals reversed, finding that Officer Burke did not have the right to search Burton's pocket for weapons, and therefore the search was improper. The Court of Appeals concluded that the trial court erred in not directing a verdict on all charges.

## DISCUSSION

I. *Pointing and Presenting a Firearm*

■ We asked the parties to brief whether pointing and presenting a firearm is a lesser included offense of assault

---

3. Officer Burke explained that the bullet was perpendicular in the chamber, which prevented the gun from firing.

4. Burton was convicted in federal court of unlawful possession of a firearm by a felon, stemming from the same incident, and was sentenced to 115 months imprisonment. The United States Court of Appeals for the Fourth Circuit vacated Burton's conviction for this charge because of the illegal search and seizure. *See* footnote 1, *supra*.

with intent to kill so that the trial court had subject matter jurisdiction to convict and sentence Burton for the offense. We hold that pointing and presenting a firearm is not a lesser included offense of assault with intent to kill and therefore the conviction must be vacated.

In a criminal case, the trial court's subject matter jurisdiction is limited to those crimes charged in the indictment and all lesser included offenses. *State v. Watson*, 349 S.C. 372, 563 S.E.2d 336 (2002). An offense is a lesser included offense of another if "the greater of the two offenses includes all the elements of the lesser offense." *State v. Elliott*, 346 S.C. 603, 606, 552 S.E.2d 727, 728 (2001). However, when an "offense has traditionally been considered a lesser included offense of the greater offense charged, [this Court] will continue to construe it as a lesser included, despite the failure to strictly satisfy the elements test." *Watson*, 563 S.E.2d at 338.

The elements of pointing and presenting a firearm are (1) pointing or presenting; (2) a loaded or unloaded firearm; (3) at another. S.C.Code Ann. § 16–23–410 (2003). The elements of assault with intent to kill are "(1) an unlawful attempt; (2) to commit a violent injury; (3) to the person of another; (4) with malicious intent; and (5) accompanied by the present ability to complete the act." *State v. Walsh*, 300 S.C. 427, 429, 388 S.E.2d 777, 779 (1988) (overruled on other grounds). In *State v. Walsh*, this Court applied the *Blockburger* test and found that the offenses of pointing and presenting a firearm and assault with intent to kill constituted separate and distinct offenses in a double jeopardy case. *Walsh*, 388 S.E.2d at 779.

Assault with intent to kill does not require the use of a firearm. Therefore, strict application of the elements test leads to the conclusion that pointing and presenting a firearm is not a lesser included offense of assault with intent to kill. *See e.g. Watson*, 563 S.E.2d at 336 (Reckless homicide requires operation of an automobile while murder does not. Therefore, under the strict elements test, reckless homicide is not a lesser included offense of murder.) Also, pointing and presenting a firearm has not traditionally been considered a

lesser included offense of assault with intent to kill. *Walsh*, 388 S.E.2d at 779.

Pointing and presenting a firearm is not a lesser included offense of assault with intent to kill. Therefore, Burton's conviction is vacated because the trial court lacked subject matter jurisdiction.

## II. *Preservation*

The Court of Appeals held that Officer Burke conducted an illegal search of Burton's coat pocket, and therefore the trial court erred in not directing a verdict on all charges against Burton. We agree with the Court of Appeals that the search and seizure of Burton was illegal and we look with disapproval on the officers' conduct leading up to the seizure. However, Burton's argument was not properly preserved as to any of the counts. The record reflects no attempt by Burton, at trial, to suppress any evidence on constitutional grounds. Instead, Burton only raised the propriety of the police action in a motion for directed verdict, *after* the evidence pertaining to the search and seizure had been admitted without objection.[5]

Burton made motions for directed verdicts at the close of the State's case. The appropriate "vehicle for challenging the admissibility of evidence based on a search and seizure violation is a motion to suppress." *State v. Green*, 350 S.C. 580, 567 S.E.2d 505 (Ct.App.2002). A motion for directed verdict, on the other hand, challenges the sufficiency of the properly admitted evidence. *Green*, 567 S.E.2d at 505. Burton did not make a motion *in limine* nor did he timely move to suppress the evidence.[6] *See State v. Brannon*, 347 S.C. 85, 552 S.E.2d 773 (Ct.App.2001)(finding Fourth Amendment issue not

---

5. We note that Burton was a pro se litigant. A pro se litigant who knowingly elects to represent himself assumes full responsibility for complying with substantive and procedural requirements of the law.

6. "Whenever evidence is introduced that was allegedly obtained by conduct violative of the defendant's constitutional rights, the defendant is entitled to have the trial judge conduct an evidentiary hearing out of the presence of the jury *at this threshold point* to establish the circumstances under which it was seized." *State v. Blassingame*, 271 S.C. 44, 244 S.E.2d 528 (1978) (emphasis supplied), modified by *State v. Patton*, 322 S.C. 408, 472 S.E.2d 245 (1996).

preserved when defendant failed to join in a motion to suppress). "The general rule is that the failure to object to, or failure to move to strike, testimony renders such competent and accordingly entitled to be considered to the extent it is relevant." *State v. Frank,* 262 S.C. 526, 205 S.E.2d 827 (1974). Because Burton did not object to the evidence when offered, it was properly admitted. This properly admitted evidence was sufficient to withstand a motion for a directed verdict. Burton did not preserve the argument for appellate review and the Court of Appeals erred in reversing his convictions.

## CONCLUSION

Burton's conviction of pointing and presenting a firearm is VACATED because it is not a lesser included offense of assault with intent to kill. Further, we REVERSE the Court of Appeals' decision to direct verdicts as to the remaining convictions of assault while resisting arrest, and resisting arrest as a lesser included offense of assault while resisting arrest, as Burton's arguments were not preserved for review.

TOAL, C.J., WALLER and BURNETT, JJ., and Acting Justice REGINALD I. LLOYD, concur.