THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(1), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State of South Carolina, Respondent,
 
 
 

v.

 
 
 
 Lisa B. Stokes, Appellant.
 
 
 
 
 
 

Appeal From Bamberg County
Howard P. King, Circuit Court Judge

Unpublished Opinion No.  2005-UP-348
Submitted May 1, 2005  Filed May 23, 2005

AFFIRMED

 
 
 
 William T. Toal of Columbia, for Appellant.  
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, and Assistant Deputy Attorney General Salley W. Elliott, all of Columbia; and Solicitor Barbara R. Morgan, of Aiken, for Respondent.
 
 
 

PER CURIAM:  Lisa B. Stokes appeals her convictions for failure to stop for a blue light and resisting arrest arguing the trial judge erred in failing to grant her motion for a directed verdict.  She asserts that the arresting officer had no reasonable suspicion or probable cause to initiate the traffic stop.  We affirm[1] pursuant to Rule 220, SCACR, and the following authorities:  See S.C. Code Ann. § 56-5-750(A) (Supp. 2004) (providing that in the absence of mitigating circumstances, it is unlawful for a motor vehicle driver . . . to fail to stop when signaled by a law enforcement vehicle by means of a siren or flashing light); State v. Curtis, 356 S.C. 622, 633-34, 591 S.E.2d 600, 605 (2004) (finding if there is any direct evidence or substantial circumstantial evidence reasonably tending to prove the guilt of the accused, this court must find the case was properly submitted to the jury); State v. Burton, 356 S.C. 259, 266, 589 S.E.2d 6, 9 (2003) (stating that a defendant must raise the issue of an illegal search and seizure at the time evidence is presented, not at the directed verdict stage); State v. Frank, 262 S.C. 526, 534, 205 S.E.2d 827, 830 (1974) (The general rule is that the failure to object to, or failure to move to strike, testimony renders such competent and accordingly entitled to be considered to the extent it is relevant.).
AFFIRMED.
HEARN, C.J., BEATTY and SHORT, JJ., concur.

[1]  We affirm this case without oral argument pursuant to Rule 215, SCACR.