THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Michael Gibert, Appellant.
 
 
 

Appeal From Anderson County
Steven H. John, Circuit Court Judge

Unpublished Opinion No. 2009-UP-439
 Submitted September 1, 2009  Filed
September 23, 2009

AFFIRMED

 
 
 
 Chief
 Appellate Defender Joseph L. Savitz, III, of Columbia, for Appellant.
 Attorney
 General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh,
 Assistant Deputy Attorney General Salley W. Elliott, Senior Assistant Attorney
 General Norman Mark Rapoport, all of Columbia; and Solicitor Christina T. Adams,
 of Anderson, for Respondent.
 
 
 

PER CURIAM:  Gibert appeals his conviction for three
 counts of second-degree criminal sexual conduct with a minor, committing a lewd
 act on a child, contributing to the delinquency of a minor, and assault with
 intent to kill.  He contends he was not adequately warned of the dangers of
 self-representation as required by Faretta v. California, 422 U.S. 806
 (1975).  Gibert further argues the State impermissibly commented on his right
 not to testify as well as its own weighing of the evidence in closing
 arguments.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities:  Faretta,
 422 U.S. at 819-20 (holding the Sixth
 Amendment provides a defendant may waive the right to counsel and elect to proceed pro se); State v. McLauren, 349 S.C. 488, 493,
 563 S.E.2d 346, 348-49 (Ct. App. 2002) ("To establish a
 valid waiver of counsel, Faretta requires the accused be: (1) advised of
 his right to counsel; and (2) adequately warned of the dangers of
 self-representation."); id. at 494, 563 S.E.2d at 349 (holding the
 appellate court may find a knowing and voluntary waiver when the record shows
 the defendant had sufficient background to understand the election to proceed
 without counsel or was apprised of those rights by some other source); State v. Burton, 356 S.C. 259,
 265 n.5, 589 S.E.2d 6, 9 n.5 (2003) ("A pro se litigant who
 knowingly elects to represent himself assumes full responsibility for complying
 with substantive and procedural requirements of the law."); State
 v. Patterson, 324 S.C. 5, 18, 482 S.E.2d 760, 766 (1997) (holding when defendant
 objected to the State's closing argument and objection was sustained, issue was
 not preserved because defendant did not move to strike or for a curative
 instruction); State v. Martucci, 380 S.C. 232, 260, 669 S.E.2d 598, 613
 (Ct. App. 2008) (finding issue unpreserved when the State was told to move on
 with questioning but defendant failed to request a curative instruction or
 motion to strike); State v. Prioleau, 345 S.C. 404, 411, 548 S.E.2d 213, 216
 (2001) (stating a defendant cannot argue "one ground at trial and an
 alternate ground on appeal");  State v. Shuler, 353 S.C. 176, 187,
 577 S.E.2d 438, 443 (2003) (finding issue of comment on defendant's right to
 silence was not preserved for appellate review when objection at trial was the State
 was shifting burden of proof).
AFFIRMED.
HEARN, C.J., and KONDUROS and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant
 to Rule 215, SCACR.