THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Arthur Lee Rivers, Appellant.
 
 
 

Appeal From Charleston County
Roger M. Young, Circuit Court Judge

Unpublished Opinion No.  2011-UP-495  
 Heard October 4, 2011  Filed November 7,
2011

AFFIRMED

 
 
 
 Tara Shurling, of Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
 Elliott, Assistant  Attorney General David Spencer, all of Columbia; and
 Solicitor Scarlett A. Wilson, of Charleston, for Respondent.
 
 
 

PER CURIAM: Arthur Lee Rivers appeals his convictions of trafficking
 powder cocaine, third offense; possession of crack cocaine, third offense; and
 assaulting a police officer while resisting arrest, as well as his sentences of
 twenty-five years' imprisonment for the trafficking charge, fifteen years'
 imprisonment for the possession charge, and ten years' imprisonment for the
 resisting arrest charge, with the sentences running concurrently.  He contends (1)
 the trial court erred in denying his motion for a directed verdict on the
 resisting arrest charge because the relevant statute does not extend to
 investigatory stops and there must be an attempted arrest before a defendant
 can be convicted of resisting arrest.  Rivers also argues (2) because his
 initial detention violated his Fourth Amendment rights, his subsequent
 statement to police should have been suppressed.  Additionally, he maintains
 (3) because the drugs found at the scene should have been suppressed as a
 result of the illegal initial detention, he was entitled to a directed verdict
 on the drug charges.  We affirm pursuant to Rule 220(b)(1), SCACR, and the
 following authorities:
1. As to the directed
 verdict on assaulting a police officer while resisting arrest: State v.
 Venters, 300 S.C. 260, 264, 387 S.E.2d 270, 272 (1990) (holding that in
 reviewing a denial of a motion for a directed verdict, an appellate court must
 review the evidence in the light most favorable to the State); State v.
 Weston, 367 S.C. 279, 292-93, 625 S.E.2d 641, 648 (2006) (noting that
 if any direct evidence or any substantial circumstantial evidence reasonably
 tends to prove the guilt of the accused, an appellate court must find the case was properly submitted to the jury); S.C.
 Code Ann. § 16-9-320(B) (2003) ("It is unlawful for a person to knowingly
 and wilfully assault, beat, or wound a law enforcement officer engaged in
 serving, executing, or attempting to serve or execute a legal writ or process
 or to assault, beat, or wound an officer when the person is resisting an arrest
 being made by one whom the person knows or reasonably should know is a law
 enforcement officer, whether under process or not."); State v. Tyndall,
 336 S.C. 8, 18, 518 S.E.2d 278, 283 (Ct. App. 1999) ("Section 16-9-320, the resisting arrest statute,
 does not mandate the underlying arrest be prosecuted as a prerequisite for the
 indictment, prosecution, or conviction of resisting arrest.").  
2. As to
 the suppression of his statement: State
 v. Dunbar, 356 S.C. 138, 142, 587 S.E.2d 691, 694 (2003) ("A party may
 not argue one ground at trial and an alternate ground on appeal."); State
 v. Haselden, 353 S.C. 190, 196, 577 S.E.2d 445, 448 (2003) (finding appellant's
 argument testimony was improper character evidence unpreserved when appellant
 objected to the testimony only on basis of relevancy); State v. Benton,
 338 S.C. 151, 157, 526 S.E.2d 228, 231 (2000) (finding an argument in support
 of a jury charge on one ground was not preserved because appellant had argued
 for the charge based on a different ground at trial).
3. As to the
 suppression of the drugs and his directed verdict motion on the drug charges: State v. Burton,
 356 S.C. 259, 265, 589 S.E.2d 6, 9 (2003) ("The appropriate vehicle for
 challenging the admissibility of evidence based on a search and seizure
 violation is a motion to suppress.  A motion for directed verdict, on the other
 hand, challenges the sufficiency of the properly admitted evidence."
 (internal quotation marks and citations omitted)); id. at 265-66, 589
 S.E.2d at 9 (finding when the defendant did not make a motion in limine nor did he timely move to suppress the evidence, and instead, only raised the
 propriety of the search in a motion for a directed verdict, the evidence was
 properly admitted); id. at 266, 589 S.E.2d at 9 (noting the general rule
 is that the failure to object to or the failure to move to strike evidence
 renders such evidence competent and entitled to consideration to the extent it
 is relevant).
AFFIRMED.
FEW, C.J., and THOMAS and
 KONDUROS, JJ., concur.