**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5263**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DIFANKH ASAR, a/k/a James Walter Gist,

        Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Spartanburg.  G. Ross Anderson, Jr., Senior
District Judge.  (7:10-cr-00429-GRA-1)

Submitted:  April 30, 2012        Decided:  May 8, 2012

Before KING and GREGORY, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Andrew J. Johnston, Spartanburg, South Carolina, for Appellant.
William N. Nettles, United States Attorney, William J. Watkins,
Jr., Maxwell B. Cauthen, III, Assistant United States Attorneys,
Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Difankh Asar pled guilty to one count of possession of a firearm by a person previously convicted of a felony offense. The district court determined that Asar had three prior convictions for violent felony offenses and sentenced him under the armed career criminal provisions to 180 months imprisonment. Asar appeals, contending that he had only two qualifying violent felonies, and that the district court erred in determining that his prior convictions for pointing or presenting a firearm and for assault and battery of a high and aggravated nature were qualifying violent felonies. We affirm.

A defendant qualifies as an armed career criminal if he violates 18 U.S.C. § 922(g)(1) (2006) and has three prior convictions for violent felonies or serious drug offenses. 18 U.S.C. § 924(e)(1) (2006). A violent felony is one that "has as an element the use, attempted use, or threatened use of physical force against the person of another . . . or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B); U.S. Sentencing Guidelines Manual § 4B1.2(a) (2009). This court reviews de novo the district court's determination that a prior conviction qualifies as a "violent felony." See United States v. Green, 436 F.3d 449, 456 (4th Cir. 2006).

Asar challenges the district court's determination that his two convictions for pointing a firearm, S.C. Code Ann. § 16-23-410, constituted "crime[s] of violence" under § 4B1.2(a)(1). The statute in question criminalizes: (i) pointing or presenting; (ii) a loaded or unloaded firearm; (iii) at another person. State v. Burton, 589 S.E.2d 6, 8 (S.C. 2003).

This court has held that pointing a firearm is a crime of violence under § 4B1.2(a)(2), the career offender provision. United States v. Byrd, 400 F. App'x 718, 720-21 (4th Cir. 2010), cert. denied, 131 S. Ct. 1835 (2011); United States v. Thompson, 891 F.2d 507, 509-10 (4th Cir. 1989). The Guideline defining "crime of violence" under the career offender provision mirrors the definition of "violent felony" under the armed career criminal provisions, and therefore the court "rel[ies] upon precedents evaluating whether an offense constitutes a violent felony under the Armed Career Criminal Act [ ] interchangeably with precedents evaluating whether an offense constitutes a crime of violence under USSG § 4B1.2(a)." United States v. Clay, 627 F.3d 959, 965 (4th Cir. 2010).

We conclude, therefore, that the district court correctly determined that Asar's two offenses of pointing a firearm at another constituted violent felonies and were properly found to be predicate offenses for the armed career

3

criminal sentencing enhancement.  See Byrd, 400 F. App'x at 721 (holding that pointing or presenting a firearm under S.C. Code Ann. § 16-23-410, "constitutes a 'crime of violence' under § 4B1.2(a)(2), even after Begay [v. United States, 553 U.S. 137 (2008)]").

In light of this determination and because Asar conceded that he had two other predicate violent felonies — for burglary and armed robbery — he had three predicate violent felony convictions and thus qualified for armed career criminal status.  We therefore need not address Asar's challenge to the district court's determination that the assault and battery of a high and aggravated nature conviction also qualified as a predicate violent felony.

Accordingly, because the district court correctly determined that Asar had at least three prior convictions for violent felonies and thus qualified to be sentenced as an armed career criminal, we affirm Asar's 180-month sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4