**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Neva Steffens, Appellant,

v.

Ocwen Loan Servicing, LLC, Mortgage Electronic Registrations Systems, Inc., MERSCorps, Inc., American Home Mortgage Servicing, Inc. a/k/a Homeward Residential, Wells Fargo National Association, and Deutsche Bank National Trust Company, Defendants,

Of whom Ocwen Loan Servicing, LLC, and American Home Mortgage Servicing, Inc. a/k/a Homeward Residential, are the Respondents.

Appellate Case No. 2014-002297

Appeal From Greenville County
Alexander S. Macaulay, Circuit Court Judge

Unpublished Opinion No. 2017-UP-268
Submitted May 1, 2017 – Filed July 5, 2017

**AFFIRMED**

Neva Steffens, of Greenville, pro se.

Sean A. O'Connor, of Finkel Law Firm LLC, of North Charleston, and Michael Wallace Smith, of Baker

Donelson Bearman Caldwell & Berkowitz, PC, of Orlando, Florida, both for Respondents.

---

**PER CURIAM:**  Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial judge.  Issues not raised and ruled upon in the trial court will not be considered on appeal."); *id.* at 142, 587 S.E.2d at 694 ("A party need not use the exact name of a legal doctrine in order to preserve it, but it must be clear that the argument has been presented on that ground."); *I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 422, 526 S.E.2d 716, 724 (2000) ("Imposing this preservation requirement on the appellant is meant to enable the lower court to rule properly after it has considered all relevant facts, law, and arguments.  The requirement also serves as a keen incentive for a party to prepare a case thoroughly.  It prevents a party from keeping an ace card up his sleeve—intentionally or by chance—in the hope that an appellate court will accept that ace card and, via a reversal, give him another opportunity to prove his case." (citation omitted)); *State v. Burton*, 356 S.C. 259, 265 n.5, 589 S.E.2d 6, 9 n.5 (2003) ("A pro se litigant who knowingly elects to represent himself assumes full responsibility for complying with substantive and procedural requirements of the law.").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and WILLIAMS and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.