**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-4668

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WALKER GREGORY CAMP, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg. Bruce H. Hendricks, District Judge. (7:15-cr-00452-BHH-1)

Submitted: March 22, 2018                           Decided: March 29, 2018

Before KING, DIAZ, and THACKER, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Emily Deck Harrill, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant. Beth Drake, United States Attorney, A. Lance Crick, First Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Walker Gregory Camp, Jr., appeals the 100-month sentence imposed following his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), (e) (2012), and possession with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012). As part of his plea agreement, Camp agreed to waive the right to challenge his sentence except for claims of ineffective assistance of counsel or prosecutorial misconduct. In a written addendum executed on the day of sentencing, the parties further agreed that the appellate waiver would not apply to future changes in the law that affect Camp's sentence.

On appeal, Camp argues that the district court improperly relied on his prior convictions for South Carolina assault with intent to kill ("AIK") in determining that he is an armed career criminal and career offender. Camp also contends that the district court failed to adequately explain its sentence. In response, the Government asserts that Camp's appeal is precluded by his valid appeal waiver. For the reasons that follow, we dismiss the appeal.

We review de novo the validity of an appeal waiver. *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012). An appeal waiver "preclude[s] a defendant from appealing a specific issue if . . . the waiver is valid and . . . the issue being appealed is within the scope of the waiver." *Id.* (internal quotation marks omitted). A defendant validly waives his appeal rights if he agreed to the waiver "knowingly and intelligently." *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010). "To determine whether a waiver is knowing and intelligent, we examine the totality of the circumstances, including

2

the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." *Thornsbury*, 670 F.3d at 537 (internal quotation marks omitted).

Camp concedes that he entered into the original appeal waiver knowingly and intelligently. However, he disputes whether the district court, at sentencing, ensured that he understood the terms of the appeal waiver addendum. Given that the court fully explained the import of the appeal waiver at the Fed. R. Crim. P. 11 hearing, and that the only subsequent amendment to the appeal waiver inured to Camp's benefit, we conclude that the waiver is valid and enforceable.

Nevertheless, by the terms of the addendum, Camp is not precluded from challenging his sentence based on subsequent changes in the law. Recently, in *United States v. Dinkins*, __ F. App'x __, 2017 WL 6371255, at *3 (4th Cir. Dec. 12, 2017) (No. 16-4795), we held that South Carolina assault and battery with intent to kill ("ABIK") is a violent felony under the force clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(i) (2012), which includes any felony that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). Importantly, "the phrase 'physical force' means violent force— that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010).

In *Dinkins*, we determined that ABIK necessarily requires proof that the defendant "attempted or threatened to use force capable of causing physical pain or injury." 2017 WL 6371255, at *3 (ellipsis, brackets, and internal quotation marks omitted). Similarly,

3

AIK must involve "an attempt to violently injure another person." *United States v. Waters*, 697 F. App'x 760, 767-68 (4th Cir. 2017), *cert. denied*, 138 S. Ct. 705 (2018); *see State v. Burton*, 589 S.E.2d 6, 8 (S.C. 2003) (identifying elements of AIK). Therefore, our decision in *Dinkins* does not call into question Camp's designation as an armed career criminal, nor his classification as a career offender. *See United States v. Mobley*, 687 F.3d 625, 628 n.3 (4th Cir. 2012). In addition, Camp's argument concerning the district court's sentencing explanation does not implicate any subsequent change in the law.

Accordingly, we dismiss the appeal because the issues Camp seeks to raise fall squarely within the scope of his valid appeal waiver. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*