[PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-14007

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

TODD JOSEPH HARBUCK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 1:23-cr-00019-JRH-BKE-1

_____

Before WILLIAM PRYOR, Chief Judge, GRANT, and KIDD, Circuit Judges.

KIDD, Circuit Judge:

The Armed Career Criminal Act requires an enhanced sentence for people who possess a firearm after receiving three or more qualifying felony convictions. Todd Joseph Harbuck possessed a firearm and has several past criminal convictions. Harbuck argues that one of his past convictions—a South Carolina conviction for assault with intent to kill—should not qualify under the Act because it is not a "violent felony." He also argues that the Act is unconstitutionally vague. We deny each of his challenges.

## I.    BACKGROUND

Harbuck faced a two-count indictment in the district court. Count I charged him with possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and Count II charged him with possessing a stolen firearm, in violation of 18 U.S.C. § 922(j). The indictment also alleged that Harbuck qualified for an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), because he had been previously convicted of the following state crimes: (1) aggravated assault, (2) obstruction of a law enforcement officer, and (3) assault with intent to kill. The third crime is the one at issue in this appeal, and Harbuck was convicted of that crime in South Carolina.

Harbuck pleaded guilty to Count I of the indictment. In the plea agreement, Harbuck admitted that he had been previously convicted of the three state crimes identified in the indictment. But

the plea agreement was silent on whether the prior convictions qualified as predicate offenses under the ACCA.

Before sentencing, a probation officer prepared a presentence investigation report. The report cited the three prior convictions in Harbuck's plea agreement and determined that Harbuck was an armed career criminal. As a result, the report concluded that Harbuck could not be sentenced to less than fifteen years in prison under the ACCA. Harbuck objected to the report and argued that the South Carolina conviction for assault with intent to kill did not qualify for the ACCA sentencing enhancement.

The district court addressed Harbuck's objections at sentencing. The district court examined the indictment from the South Carolina assault with intent to kill conviction and noted that Harbuck was sentenced to ten years in prison. The district court found that, "[n]otwithstanding the common law labeling of this offense as a misdemeanor," Harbuck was convicted of a felony for purposes of the ACCA. The district court also concluded that the crime was a violent felony under the ACCA. Since Harbuck's criminal history met the requirements of the ACCA, the district court sentenced Harbuck to fifteen years and eight months in prison. Harbuck timely appealed the sentence.

## II.    STANDARD OF REVIEW

"We review de novo whether a prior conviction is a predicate offense under the ACCA." *United States v. Sharp*, 21 F.4th 1282, 1285 (11th Cir. 2021). Federal law controls our reading of the ACCA, while state law controls our consideration of state-law

offenses. *United States v. Jackson*, 55 F.4th 846, 850 (11th Cir. 2022), *aff'd sub nom.*, *Brown v. United States*, 602 U.S. 101 (2024). The constitutionality of a statute—including whether a statute is void for vagueness—is a question of law subject to de novo review. *Cooper v. Dillon*, 403 F.3d 1208, 1213 (11th Cir. 2005); *United States v. Wayerski*, 624 F.3d 1342, 1347 (11th Cir. 2010).

### III.    ANALYSIS

The sentencing enhancement in the ACCA requires district courts to sentence any qualifying individual to a prison term of at least fifteen years. 18 U.S.C. § 924(e)(1). It applies to any convicted felon who is found guilty of possessing a firearm and who has at least three previous convictions for a violent felony or a serious drug offense. *Id*.

The ACCA defines "violent felony" as:

> [A]ny crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
>
>> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>>
>> (ii) is burglary, arson, or extortion, involves use of explosives, or

> otherwise involves conduct that pre-
> sents a serious potential risk of phys-
> ical injury to another[.]

*Id.* § 924(e)(2)(B). We often refer to subsection (i) as the "elements clause"; the portion of subsection (ii) that refers to burglary, arson, extortion, and explosives as the "enumerated offenses clause"; and the remainder of subsection (ii) as the "residual clause." *United States v. Carter*, 7 F.4th 1039, 1043 (11th Cir. 2021). While the Supreme Court has held that the residual clause is unconstitutionally vague, the Supreme Court did "not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the [ACCA's] definition of a violent felony." *Johnson v. United States*, 576 U.S. 591, 597–98, 606 (2015).

Harbuck raises two issues on appeal. First, he argues that his South Carolina conviction for assault with intent to kill cannot be a violent felony under the ACCA. Second, Harbuck argues that even if the conviction meets the ACCA's definition of "violent felony," the enhancement is void for vagueness as applied to his sentence because he was not given fair notice that his conviction for assault with intent to kill could be considered a violent felony. We will address each challenge in turn.

## A. South Carolina's Assault with Intent To Kill Qualifies as a Predicate "Violent Felony" Under the ACCA.

The Supreme Court and our Circuit have adopted two approaches to determine whether an offense qualifies as a violent felony under the ACCA's elements clause: the categorical approach

and the modified categorical approach. *See Mathis v. United States*, 579 U.S. 500, 504–05 (2016); *United States v. Howard*, 742 F.3d 1334, 1342 (11th Cir. 2014). The approach we choose depends on whether the statute at issue is divisible or indivisible. *See Mathis*, 579 U.S. at 504–05. An indivisible offense has a single set of elements and is a single crime. *Id.* We apply the categorical approach to indivisible offenses. *See Howard*, 742 F.3d at 1345. By contrast, a divisible offense has multiple elements in the alternative and constitutes multiple crimes. *United States v. Gundy*, 842 F.3d 1156, 1162 (11th Cir. 2016). We apply the modified categorical approach to divisible crimes. *Id.*

We rely on the interpretation from the state's highest court when reviewing the elements of a specific offense. *See United States v. Morales-Alonso*, 878 F.3d 1311, 1317–18 (11th Cir. 2018). The elements of the South Carolina common law offense of assault with intent to kill are "(1) an unlawful attempt; (2) to commit a violent injury; (3) to the person of another; (4) with malicious intent; and (5) accompanied by the present ability to complete the act." *State v. Burton*, 589 S.E.2d 6, 8 (S.C. 2003) (citation omitted). This is a single set of elements that identifies a single crime, which makes it indivisible. Because we are dealing with an indivisible offense, we apply the categorical approach to determine whether it qualifies as a "violent felony" under the ACCA.

In the categorical approach, we first review the elements to determine whether the crime requires the use of force. *See United States v. Ferguson*, 100 F.4th 1301, 1307–08 (11th Cir. 2024). Though

unnecessary here, the categorical approach alternatively allows us to compare the elements of the offense at issue to the generic elements of the offenses in the enumerated crimes clause to see if they match. *See Mathis*, 579 U.S. at 504–05. Under either method, if the least-culpable form of the offense at issue meets the definition of "violent felony," then it qualifies for the ACCA under the categorical approach. *See id.* If the offense covers conduct that does not require the use of force or match the generic versions of the enumerated offenses, then it does not qualify as a "violent felony" under the ACCA. *See id.* When using the categorical approach, we do not examine the specific conduct underlying the defendant's prior conviction. *See id.* at 504. Instead, we focus solely on the elements of the offense. *Id.* (stating that using the categorical approach in the ACCA context requires "ignoring the particular facts of the case").

Assault with intent to kill requires "malicious intent" in South Carolina. *Burton*, 589 S.E.2d at 8. South Carolina defines "malice" as "the wrongful intent to injure another and indicates a wicked or depraved spirit intent on doing wrong" or "the doing of a wrongful act intentionally and without just cause or excuse." *State v. Wilds*, 584 S.E.2d 138, 141–42 (S.C. Ct. App. 2003). Malice can be demonstrated in two ways. First, "[e]xpress malice is the deliberate intention unlawfully to kill a human." *State v. King*, 810 S.E.2d 18, 23 (S.C. 2017) (citation modified). Second, "[i]mplied malice is when circumstances demonstrate a wanton or reckless disregard for human life or a reasonably prudent man would have known that according to common experience there was a plain and

strong likelihood that death would follow the contemplated act." *Wilds*, 584 S.E.2d at 142 (citation modified).

We conclude that South Carolina's assault with intent to kill requires the use of force because it requires the purposeful or knowing intent to commit a violent injury. We reach this conclusion because the crime's elements include "an unlawful *attempt . . .* to commit a violent injury," which can be supported only with a finding of express malice. *Burton*, 589 S.E.2d at 8 (emphasis added). The Supreme Court of South Carolina has explained that "[a]n attempt, by nature, is a failure to accomplish what one intended to do." *King*, 810 S.E.2d at 23 (citation modified). "Thus, one cannot attempt to be negligent or attempt to have the general malignant recklessness contemplated by the legal concept, 'implied malice.'" *Id.* (citation modified); *see also State v. Glover*, 4 S.E. 564, 565 (S.C. 1888) ("So, if a person snaps a loaded gun at his adversary, within shooting distance, with intent to kill, the fact that the gun fails to go off, owing to the condition of the weapon, or some defect in its loading, unknown to the party accused, will not relieve him from the charge of assault with intent to kill, for here again the intent is accompanied by an act calculated and designed to effect the purpose intended."). South Carolina's assault with intent to kill, therefore, qualifies as an ACCA predicate offense under the elements clause.

Our examination of South Carolina law leads us to reject Harbuck's argument that his South Carolina conviction for assault with intent to kill could be supported with a mens rea of extreme

23-14007                 Opinion of the Court                 9

recklessness—i.e., implied malice. But even if we agreed with Harbuck, the offense would still satisfy the ACCA's elements clause. In *Borden v. United States*, the Supreme Court explicitly left open whether a mental state of extreme recklessness could satisfy the definition of a violent felony. 141 S. Ct. 1817, 1825 n.4 (2021). Since *Borden*, we have held that a crime with the mens rea of extreme recklessness could satisfy the definition of a violent crime. *See Alvarado-Linares v. United States*, 44 F.4th 1334, 1343–45 (11th Cir. 2022). In *Alvarado-Linares*, we held that the defendant's Georgia convictions for malice murder—which required that the defendant act with malice aforethought, either express or implied—met the statutory definition of a "crime of violence" under 18 U.S.C. § 924(c). *Id.* We distinguished between simple reckless conduct and conduct committed with "an abandoned and malignant heart." *Id.* at 1344–45 (citation omitted). We concluded that whether malice is express or implied, it necessarily incorporates an intent to kill that goes beyond mere recklessness. *Id.* at 1343–44 (analyzing Georgia law). Thus, to the extent that implied malice, or extreme recklessness, could support a South Carolina conviction for assault with intent to kill, it would still qualify as an ACCA predicate offense under the elements clause.

We therefore find no error in the district court's determination that Harbuck's conviction for assault with intent to kill qualifies as an ACCA predicate felony offense.

### B. The ACCA's Elements Clause Is Not Unconstitutionally Vague.

Next, we address Harbuck's argument that the ACCA's elements clause is so standardless that the statute is unconstitutionally vague and the district court's application of the statute's sentencing enhancement was arbitrary. We conclude that Supreme Court precedent forecloses this argument.

The Fifth Amendment prohibits anyone from being "deprived of life, liberty, or property, without due process of law." U.S. CONST. amend. V. The Supreme Court has explained that the "[g]overnment violates this guarantee by taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." *Johnson*, 576 U.S. at 595. This vagueness doctrine "encompasses notions of fair warning such that people of common intellect may understand a statute's prohibitions and need not guess at its meaning." *Wayerski*, 624 F.3d at 1347. "These principles apply not only to statutes defining elements of crimes, but also to statutes fixing sentences." *Johnson*, 576 U.S. at 596 (citing *United States v. Batchelder*, 442 U.S. 114, 123 (1979)).

We begin a vagueness analysis with the statute's language. *United States v. Duran*, 596 F.3d 1283, 1291 (11th Cir. 2010); *United States v. Hunt*, 526 F.3d 739, 743 (11th Cir. 2008). In the ACCA, "violent felony" is defined, in part, as "any crime punishable by imprisonment for a term exceeding one year" that "has as an element

the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B).

First, Harbuck argues that the ACCA is vague if "felony" can be read to include the "misdemeanor" in this case. But the ACCA's definition of "violent felony" does not limit the application only to crimes that the states identify as felonies. Instead, the definition covers crimes punishable "for a term exceeding one year." *Id.* This statutory definition comports with the traditional understanding of the difference between felonies and misdemeanors rather than relying upon the naming conventions of the states. *Compare Felony*, BLACK'S LAW DICTIONARY (12th ed. 2024) ("A serious crime usu. punishable by imprisonment *for more than one year* or by death." (emphasis added)), *with Misdemeanor*, BLACK'S LAW DICTIONARY (12th ed. 2024) ("When punishable by confinement, a misdemeanor most commonly entails incarceration *for less than a year*." (emphasis added)). Thus, the ACCA's plain language clearly sets out what crimes qualify as a violent felony for the ACCA's sentence enhancement.

Next, Harbuck makes a general vagueness challenge to the ACCA's elements clause based on *Johnson*. In *Johnson*, the Supreme Court held that the ACCA's residual clause was void for vagueness because it required courts to "picture the kind of conduct that the crime involves in 'the ordinary case,' and to judge whether that abstraction presents a serious potential risk of physical injury." 576 U.S. at 596. The Supreme Court found that the residual clause failed to provide a precise standard to determine whether the crime

created a "serious potential risk" other than the judge's own intuition. *Id.* at 598.

In reaching this conclusion, the Supreme Court compared the abstract reasoning required for the residual clause to the categorical approach that we use here for the elements clause. *See id.* at 596–97. It found that the residual clause did not create the same reliable approach as the elements clause. *Id.* The Supreme Court has since reaffirmed that the analysis required for the elements clause is a "straightforward job" that requires courts only to "[l]ook at the elements of the underlying crime" to determine whether it meets the required standard. *United States v. Taylor*, 142 S. Ct. 2015, 2025 (2022). The Supreme Court's finding, therefore, forecloses Harbuck's vagueness challenge to the elements clause.

## IV.    CONCLUSION

We **AFFIRM** the district court's sentence and judgment.