**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Thomas Louis Davis, Appellant.

Appellate Case No. 2023-000475

———————

Appeal From Beaufort County
Brooks P. Goldsmith, Circuit Court Judge

———————

Unpublished Opinion No. 2026-UP-170
Heard December 16, 2025 – Filed April 8, 2026

———————

**AFFIRMED**

———————

Jared Sullivan Newman, of Jared S. Newman, P.A., of
Port Royal, for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General Brian Hollis Gibbs, both of Columbia;
and Solicitor Isaac McDuffie Stone, III, of Bluffton; all
for Respondent.

———————

**PER CURIAM:** Thomas Louis Davis appeals his conviction and sentence for resisting arrest. He argues the trial court erred in denying his motion for a directed verdict because (1) law enforcement's entry onto his property and his arrest

violated his rights under the Fourth Amendment to the United States Constitution, (2) he lawfully used reasonable force to repel the law enforcement's unlawful entry into his home under the common law defense of habitation. We affirm.

1. Davis did not preserve his Fourth Amendment challenge to law enforcement's conduct for appellate review. By raising his challenge in a motion for a directed verdict, instead of a motion to suppress, Davis failed to properly and timely object to the admission of evidence surrounding the alleged unlawful entry and arrest. Because that evidence was properly admitted without objection, the trial court did not err in considering testimony on the events taking place after law enforcement's entry and ultimately denying Davis's motion for a directed verdict. *See State v. Hepburn*, 406 S.C. 416, 429, 753 S.E.2d 402, 409 (2013) ("If the state has presented 'any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused,' [the appellate court] must affirm the trial court's decision to submit the case to the jury." (quoting *State v. Cherry*, 361 S.C. 588, 593-94, 606 S.E.2d 475, 478 (2004))); *State v. Burton*, 356 S.C. 259, 265, 589 S.E.2d 6, 9 (2003) ("The appropriate 'vehicle for challenging the admissibility of evidence based on a search and seizure violation is a motion to suppress.'" (quoting *State v. Green*, 350 S.C. 580, 567 S.E.2d 2025 (Ct. App. 2002))); *id.* ("A motion for directed verdict, on the other hand, challenges the sufficiency of the properly admitted evidence."); *id.* at 265-66, 589 S.E.2d at 9 (concluding when the defendant did not make a motion in limine nor did he timely move to suppress evidence on constitutional grounds, and instead, only challenged the constitutionality of the police action in a motion for a directed verdict, the trial court properly admitted the evidence); *id.* at 266, 589 S.E.2d at 9 (noting the general rule is that the failure to object to or the failure to move to strike evidence renders such evidence competent and entitled to consideration to the extent it is relevant); *id.* (holding even though police violated the defendant's constitutional rights, after the trial court properly admits evidence, suppression is unavailable to the defendant and the entirety of the properly admitted evidence must be considered upon a motion for a directed verdict).

2. The trial court did not err in denying Davis's motion for directed verdict based on the common law defense of habitation because the record shows Davis was at fault in bringing about the difficulty. *See State v. Davis-Kocsis*, 436 S.C. 468, 484, 872 S.E.2d 415, 423 (Ct. App. 2022) ("When ruling on a motion for a directed verdict, the trial [court] is concerned with the existence of evidence, not its weight. On appeal from the denial of a directed verdict, [the appellate court] views the evidence and all reasonable inferences in the light most favorable to the State." (alterations in original) (quoting *State v. Butler*, 407 S.C. 376, 381, 755 S.E.2d

457, 460 (2014))); *State v. Moultrie*, 273 S.C. 532, 534, 257 S.E.2d 730, 731 (1979) ("One element necessary to both self-defense and defense of habitation is that the defendant be without fault in bringing about the difficulty."); *see also id.* (holding when the defendant does not surrender after being given an opportunity to surrender and law enforcement acts consistent with their duty, a jury charge for the defense of habitation is not warranted).

**AFFIRMED.**

**KONDUROS, GEATHERS, and VINSON, JJ., concur.**